[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 16, 2008
THOMAS K. KAHN
CLERK

No. 08-10724
Non-Argument Calendar

_____

D. C. Docket No. 07-00098-CV-T-30-TGW

EDWARD WOFSY,

Plaintiff-Appellant,

versus

PALMSHORES RETIREMENT COMMUNITY,
and its agents d.b.a.
Westminster Palms of St. Petersburg,
Westminster Services, Inc.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 16, 2008)

Before DUBINA, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Appellant Edward Wofsy appeals from the district court's grant of summary judgment in favor of his former employer, Westminster Palms of St. Petersburg ("Westminster Palms"), in his *pro se* suit alleging discrimination and retaliation under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213. First, Wofsy argues that he proffered sufficient evidence to make a *prima facie* case that Westminster Palms discriminated against him because of his disability (an asthma condition) by denying his request that he be allowed to limit the scope of his duties as a bus driver to the local area. Second, Wofsy argues that the district court erred by finding that he had failed to establish a *prima facie* case of retaliation. He argues that the close temporal proximity between his request for accommodation and his demotion establishes a casual connection.

## I.

"We review a district court order granting summary judgment *de novo*, and view all of the facts in the record in the light most favorable to the non-moving party, and draw all inferences in [his] favor. *Frederick v. Sprint/United Mgmt. Co.*, 246 F.3d 1305, 1311 (11th Cir. 2001). "Summary judgment is only proper if there are no genuine disputed issues of material fact, and the moving party is entitled to judgment as a matter of law." *Id.* We give credence to evidence favoring the non-movant as well as "uncontradicted and unimpeached" evidence from disinterested

witnesses that supports the moving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151, 120 S. Ct. 2097, 2110, 147 L. Ed. 2d 105 (2000). In the context of summary judgment, we look at the record as a whole, reviewing all of the evidence in the record. *Id.* at 150, 120 S. Ct. at 2110.

The ADA provides that no covered employer "shall discriminate against a qualified individual with a disability because of the disability of such individual" in any of the "terms, conditions, [or] privileges of employment." 42 U.S.C. § 12112(a). In order to establish a *prima facie* case of employment discrimination under the ADA, a plaintiff must show, in part, that: (1) he has a disability; and (2) he is a qualified individual with or without reasonable accommodation. *Rossbach v. City of Miami*, 371 F.3d 1354, 1356-1357 (11th Cir. 2004).

**(1) "Disabled" requirement**

The ADA defines the first element of the *prima facie* case, disability, as follows: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2). Courts, with respect to subsection (A) of the ADA's definition of disability, utilize a three-step assessment: (1) does the plaintiff have an impairment; (2) does the relied-upon life activity qualify as major life activity; and (3) does the impairment substantially limit the major life activity. *Bragdon v. Abbott*, 524 U.S. 624, 631, 118 S. Ct.

3

2196, 2202, 141 L. Ed. 2d 540 (1998).

The EEOC has issued regulations that define "physical impairment" as "[a]ny physiological disorder, or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological, musculoskeletal." 29 C.F.R. § 1630.2(h)(1). The term "major life activities" is defined as "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i). The term "substantially limits" is defined as "[u]nable to perform a major life activity that the average person in the general population can perform" or "[s]ignificantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity" as compared to an average person in the general population. 29 C.F.R. § 1630.2(j)(1).

The Supreme Court has stated that the term "major life activities" refers to those activities that are of central importance to most people's daily lives. *Toyota Motor Mfg. v. Williams*, 534 U.S. 184, 198, 122 S. Ct. 681, 691, 151 L. Ed. 2d 615 (2002). It has also explained that these terms need to be strictly construed so as to create "a demanding standard for qualifying as disabled." *Id.* at 197, 122 S. Ct. at 691. For a condition to limit a person's ability to work substantially, it must significantly restrict a person's ability "to perform either a class of jobs or a broad

4

range of jobs in various classes as compared to the average person having comparable training, skills, and abilities." 29 C.F.R. § 1630.2(j)(3)(i); *see also Carruthers v. BSA Advertising, Inc.*, 357 F.3d 1213, 1216 (11th Cir. 2004). "The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." 29 C.F.R. § 1630.2(j)(3)(i); *Hilburn v. Murata Electronics North America, Inc.*, 181 F.3d 1220, 1227 (11th Cir. 1999). "A person whose physical or mental impairment is corrected by medication or other measures does not have an impairment that presently 'substantially limits' a major life activity." *Sutton v United Air Lines, Inc.*, 527 U.S. 471, 482-83, 119 S. Ct. 2139, 2146-47, 144 L. Ed. 2d 450 (1999).

**(2) "Qualified individual" requirement**

"A 'qualified individual with a disability' is an 'individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position.'" *Davis v. Fla. Power & Light, Co.*, 205 F.3d 1301, 1305 (11th Cir. 2000) (quoting 42 U.S.C. § 12111(8)). "Essential functions" are defined as the fundamental duties of a job that a disabled employee actually is required to perform. 29 C.F.R. § 1630.2(n)(2)(i).

An employer must provide reasonable accommodations for employees with known disabilities, unless such accommodations would result in undue hardship to

5

the employer.  *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001).  However, an accommodation is reasonable and required only if it enables the employee to perform the essential functions of his job.  29 C.F.R. § 1630.2(o)(1)(ii); *Lucas*, 257 F.3d at 1256.  A qualified individual with a disability is not entitled to the accommodation of his choice, but only to a reasonable accommodation.  *See Earl v. Mervyns, Inc.*, 207 F.3d 1361, 1367 (11th Cir. 2000).  Reasonable accommodations may include job restructuring, part-time or modified work schedules, acquisition or modification of equipment or devices, and reassignment to another position.  42 U.S.C. § 12111(9); 29 C.F.R. § 1630.2(o); *Talavera v. School Bd. of Palm Beach County*, 129 F.3d 1214, 1217 (11th Cir. 1997).

After reviewing the record, we conclude that the district court did not err when it found that Wofsy failed to establish a *prima facie* case of discrimination.  First, Wofsy failed to show that he had a disability because his asthma was not a substantial limitation on a major life activity and was well treated with medication.  Second, Wofsy was not a qualified individual under the ADA because he could not perform an essential function of the amended driver position because he refused to drive outside the local area[1].

---

[1]Wofsy was also required to meet a third requirement for a *prima facie* case - discrimination on the basis of disability.  He failed to meet the third requirement for the same

## II.

The ADA provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge . . . under [the ADA]." 42 U.S.C. § 12203(a). "This provision creates a prohibition on retaliation under the ADA that is similar to Title VII's prohibition on retaliation." *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1287 (11th Cir. 1997). Accordingly, we assess ADA retaliation claims under the same framework employed for retaliation claims arising under Title VII. *Id.*; *Standard v. A.B.E.L. Services, Inc*, 161 F.3d 1318, 1328 (11th Cir. 1998). To establish a *prima facie* case of ADA retaliation, Wofsy must show: "(1) that he engaged in statutorily protected activity; (2) that he suffered an adverse employment action; and (3) a causal link between the protected activity and the adverse action." *Id.*

We construe the causal link element broadly so that "a plaintiff merely has to prove that the protected activity and the . . . [adverse] action are not completely unrelated." *Olmsted v. Taco Bell Corp.*, 141 F.3d 1457, 1460 (11th Cir.1998) (citation omitted). This element is satisfied if plaintiff provides "sufficient

---

reasons we conclude, *infra*, that he failed to show causation or pretext to support his retaliation claim.

7

evidence" of a close temporal proximity between the awareness of the protected conduct by the decision-maker and the adverse employment action. *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1337 (11th Cir. 1999).

If the plaintiff establishes a *prima facie* case, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for the challenged action. *See EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1272 (11th Cir. 2002). Where the employer meets its burden, the plaintiff "must introduce significantly probative evidence showing that the asserted reason is merely a pretext for discrimination" to avoid summary judgment. *Brooks v. County Com'n of Jefferson County*, 446 F.3d 1160, 1163 (11th Cir. 2006) (quoting *Clark v. Coats & Clark, Inc.*, 990 F.2d 1217, 1228 (11th Cir. 1993)). A plaintiff may show pretext "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 256, 101 S. Ct. 1089, 1095, 67 L. Ed. 2d 207 (1981). A plaintiff may point to "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in the employer's proffered reason. *Brooks*, 446 F.3d at 1163 (citation omitted). However, plaintiff cannot merely quarrel with the wisdom of the employer's reason, but "must meet that reason head on and rebut it." *Chapman v.*

*AI Transport*, 229 F.3d 1012, 1030 (11th Cir. 2000) (*en banc*). Furthermore, a reason is not pretext for discrimination unless it is shown that the reason was false and that discrimination was the real reason. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 515, 113 S. Ct. 2742, 2752, 125 L. Ed. 2d 407 (1993). We can affirm the granting of summary judgment on any grounds, not just those cited by the district court. *Parks v. City of Warner Robins Ga.*, 43 F.3d 609, 613 (11th Cir. 1995).

Because Wofsy received warnings months before he made his request for accommodation that his hours and position could change if he did not accept the new driver position, Wofsy failed to establish a causal connection between his demotion and his request. Thus, we conclude from the record that the district court correctly found that Wofsy failed to establish a *prima facie* case of retaliation. Even if Wofsy had made a *prima facie* case of retaliation, however, the record demonstrates that Westminster Palms provided non-discriminatory reasons for Wofsy's demotion, and Wofsy has failed to show those reasons were pretextual[2]. Accordingly, we affirm the grant of summary judgment in favor of Westminster Palms.

**AFFIRMED.**

---

[2]We note that Wofsy also argues that the district court's grant of summary judgment violated his Seventh Amendment right to a trial by jury. We have rejected the claim that a proper grant of summary judgment violates the Seventh Amendment. *Garvie v. City of Ft. Walton Beach, Fla.*, 366 F.3d 1186, 1190 (11th Cir. 2004).